09-10951 May 19, 2009
Attorney for Defendant, Selective Insurance Company of South Carolina

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION, CINCINNATI**

| | |
|---|---|
| WILLIAM LUCA | CASE NO.  09-cv-340 |
| PLAINTIFF, | Judge |
| v. | **ANSWER OF DEFENDANT, SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, TO PLAINTIFF'S COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA | |
| DEFENDANT. | |

Comes now the defendant, Selective Insurance Company of South Carolina, by and through its undersigned counsel, and for its answer to the plaintiff's complaint, hereby states as follows:

1. Defendant denies the allegations contained in paragraphs 1 and 2 of plaintiff's complaint for want of information sufficient to form a belief as to their truth.

2. Defendant denies the allegations contained in paragraph 3 of plaintiff's complaint.

3. Defendant admits the allegations contained in paragraph 4 of plaintiff's complaint.

4. Defendant denies the allegations contained in paragraph 5 of plaintiff's complaint.

5. Defendant admits the allegations contained in paragraphs 6 and 7 of plaintiff's complaint.

6. Defendant denies the allegations contained in paragraph 8 of plaintiff's complaint.

7. Defendant denies the allegations set forth in paragraph 9 of the complaint. At the time of said accident Selective had an automobile liability insurance policy in effect, for which plaintiff was not a named insured, but for which plaintiff qualified as an insured, and the policy provided UIM coverage, subject to the following terms and provisions:

> A. Coverage
> 1. We will pay all sums if the "insured" is legally entitled to recover as compensatory damages from the owner or operator of an "uninsured motor vehicle" or "underinsured motor vehicle" because of "bodily injury" sustained by the "insured" and caused by an "accident".

8. Defendant admits the allegations contained in paragraph 10 of plaintiff's complaint.

9. Defendant denies the allegations contained in paragraph 11 of plaintiff's complaint for want of information sufficient to form a belief as to their truth.

10. Defendant denies the allegations contained in paragraph 12 of plaintiff's complaint.

11. Defendant denies the allegations contained in paragraph 13 of plaintiff's complaint.

12. Defendant denies the allegations contained in paragraphs 14 and 15 of plaintiff's complaint.

13. Defendant realleges paragraphs 1 through 12 of this answer in answer to paragraph 16 of plaintiff's complaint.

14. Defendant denies the allegations contained in paragraphs 17 through 24 of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

15. The complaint fails to state a claim upon which relief can be granted.

16. Plaintiff was contributorily negligent.

17. Plaintiff assumed the risk.

18. The alleged injuries and damages were caused or contributed to by the actions of third-parties or other circumstances which constitute intervening or superseding causes.

19. The complaint is time-barred by the applicable statute of limitations and/or the *doctrine of laches*.

20. Parties or entities needed for just adjudication of the within controversy have not been joined in the complaint.

21. Indispensable and/or necessary parties have not been joined in the complaint.

22. The claims in the complaint have been waived, released, settled, and/or are subject to an accord and satisfaction or otherwise compromised, alternatively, compensation has been accepted in partial settlement of these claims requiring a set-off.

23. Process issued in this matter is insufficient.

24. Service of process upon the defendant has been insufficient.

25. The plaintiff is estopped from presenting the claims in the complaint.

26. Plaintiff lacks standing and/or the capacity to bring the within action.

27. Plaintiff failed to perform conditions precedent to the effectiveness of the contract.

28. Provision of the relief requested, or the performance in lieu of which such relief is requested, would be contrary to law.

29. Plaintiff is not the real party in interest in this matter.

30. The plaintiff has failed to minimize or mitigate his damages.

31. Plaintiff's claims are barred and/or limited to the extent they are limited or precluded by the express terms, conditions or definitions contained in the policy of insurance and questioned.

32. Plaintiff's right of recovery is subject to and limited by the application of Ohio Revised Code, § 2315.18.

**WHEREFORE**, defendant, Selective Insurance Company of South Carolina, prays that the complaint be dismissed with costs to be borne by plaintiff.

>Respectfully submitted,
>
>s/Thomas F. Glassman
>Thomas F. Glassman, Esq. (0061466)
>Patricia J. Trombetta, Esq. (0005451)
>SMITH, ROLFES & SKAVDAHL CO., LPA
>600 Vine Street, Suite 2600
>Cincinnati, Ohio 45202
>(513) 579-0080
>(513) 579-0222 – facsimile
>tglassman@smithrolfes.com
>ptrombetta@smithrolfes.com
>ATTORNEYS FOR DEFENDANT,
>SELECTIVE INSURANCE COMPANY
>OF SOUTH CAROLINA

## JURY DEMAND

A trial by jury is hereby demanded.

>s/Thomas F. Glassman

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Answer of Defendant, Selective Insurance Company of South Carolina, to Plaintiff's Complaint; Jury Demand Endorsed Hereon has been served electronically upon the following on this the 19th day of May, 2009:

Henry D. Acciani, Esq.
O'CONNOR, ACCIANI & LEVY
1014 Vine Street, Suite 2200
Cincinnati, Ohio  45202

                                                s/Thomas F. Glassman