# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM LUCA,<br>Plaintiff,<br><br>vs.<br><br>SELECTIVE INSURANCE COMPANY<br>SOUTH CAROLINA,<br>Defendant. | Case No. 1:09-cv-340<br>Weber, J.<br>Hogan, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

This matter is before the Court on defendant Selective Insurance Company of South Carolina's motion to bifurcate and stay discovery on plaintiff's claims for bad faith and punitive damages (Doc. 4), to which plaintiff William Luca has not responded.

Plaintiff originally filed this action in state court on April 17, 2009, alleging a breach of contract claim based on the underinsured motorist provision of an automobile insurance policy issued by defendant. Plaintiff also alleged extra-contractual claims for bad faith and punitive damages arising from defendant's alleged failure to reasonably investigate, process, and pay plaintiff's claim in good faith. (Doc. 6). This matter was removed to federal court on May 15, 2009. (Doc. 1).

Pursuant to Fed. R. Civ. P. 42(b), defendant requests bifurcation of the bad faith and punitive damages claims from plaintiff's underlying breach of contract claim for underinsured motorist coverage for purposes of discovery and trial. Defendant also requests that discovery be stayed on the extra-contractual claims pending the resolution of plaintiff's underinsured motorist coverage claim. Defendant asserts three reasons for its requests. First, defendant argues that plaintiff must prove the value of his underinsured motorist coverage claim before his bad faith

claim will be ripe. Defendant asserts plaintiff may not maintain an action for bad faith without first proving his underlying breach of contract claim. Second, defendant contends that allowing the bad faith claim to go forward would unduly prejudice its defense on the underlying underinsured motorist claim because the anticipated discovery sought on the bad faith claim would require production of documents protected by the work product and attorney-client privileges. Third, defendant asserts that plaintiff's bad faith claim is subject to Ohio Rev. Code § 2315.21(B) which statutorily mandates the bifurcation of plaintiff's compensatory and punitive damages claims.

Plaintiff has not filed a memorandum in opposition to the motion to bifurcate and stay the claims for bad faith and punitive damages. Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), the failure of a party to file a memorandum in opposition to a motion may be cause for the Court to grant the motion as filed. Accordingly, it is hereby **RECOMMENDED** that defendant's motion to bifurcate and stay discovery on plaintiff's claims for bad faith and punitive damages (Doc. 4) be **GRANTED**.

Date: 10/14/09

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM LUCA,<br>Plaintiff,<br><br>vs.<br><br>SELECTIVE INSURANCE COMPANY<br>SOUTH CAROLINA,<br>Defendant. | Case No. 1:09-cv-340<br>Weber, J.<br>Hogan, M.J. |

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).