# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WILLIAM LUCA,

        **Plaintiff**

      v.                            C-1-09-340

SELECTIVE INSURANCE COMPANY
OF SOUTH CAROLINA,

        **Defendant**

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 13), plaintiff's objections (doc. no. 15) and defendant's response (doc. no. 16). The Magistrate Judge recommended that defendant's pretrial Motion to Bifurcate and Stay Discovery on Plaintiff's Claims for Bad Faith and Punitive Damages (doc. no. 4) be granted.

Plaintiff objects to the Judge's Report and Recommendation on the grounds that his findings are contrary to law.

Plaintiff originally filed this action in state court on April 17, 2009, alleging a breach of contract claim based on the underinsured motorist provision of an automobile insurance policy issued by defendant. Plaintiff also alleged extra-contractual claims for bad faith and punitive damages arising from defendant's alleged failure to reasonably investigate, process, and pay plaintiff's claim in good faith. (Doc. 6). This matter was removed to federal court on May 15, 2009. (Doc. 1).

Pursuant to Fed. R. Civ. P. 42(b), defendant requests bifurcation of the bad faith and punitive damages claims from plaintiff's underlying breach of contract claim for underinsured motorist coverage for purposes of discovery and trial. Defendant also requests that discovery be stayed on the extra-contractual claims pending the resolution of plaintiff's underinsured motorist coverage claim. Defendant asserts three reasons for its requests. First, defendant argues that plaintiff must prove the value of his underinsured motorist coverage claim before his bad faith claim will be ripe. Defendant asserts plaintiff may not maintain an action for bad faith without first proving his underlying breach of contract claim.

**Second, defendant contends that allowing the bad faith claim to go forward would unduly prejudice its defense on the underlying underinsured motorist claim because the anticipated discovery sought on the bad faith claim would require production of documents protected by the work product and attorney-client privileges. Third, defendant asserts that plaintiff's bad faith claim is subject to Ohio Rev. Code § 2315.21(B) which statutorily mandates the bifurcation of plaintiff's compensatory and punitive damages claims.**

**Plaintiff did not filed a memorandum in opposition to the motion to bifurcate and stay the claims for bad faith and punitive damages. Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), the failure of a party to file a memorandum in opposition to a motion may be cause for the Court to grant the motion as filed.**

**Plaintiff has offered no just cause to the Magistrate Judge or this Court for this failure. Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), the failure of a party to file a memorandum in opposition to a motion may be cause for the Court to grant the motion as filed. Accordingly, the Magistrate Judge has RECOMMENDED that defendant's Motion to Bifurcate and Stay**

**Discovery on Plaintiff's Claim for Bad Faith and Punitive Damages (doc. no. 4) be GRANTED.**

**In his objection to the Magistrate Judge's Report and Recommendation, plaintiff states that he agrees with the bifurcation of the bad faith claims for trial but objects to staying discovery on the bad faith claim. He wishes the trial be conducted in two parts with the first part being a determination of the injury damages he incurred from his accident and upon receiving a verdict for those damages, after a short break, the presentation of the bad faith claim and punitive damages claim could begin. To keep the "short break" to a minimum, the discovery should not be stayed. He argues the alternative would be to adjourn the jury while discovery is conducted and reconvene the trier of facts at a later date, months later.**

**He further states that he informed defendant of his position by letter of September 21, 2006 and states "NO response was received to counsel's letter and the MJ's R&R was issued a month later on October 19th."**

**Exhibit E attached to defendant's memorandum is a letter addressed to plaintiff's attorney dated October 6, 2009 which specifically refers to plaintiff's September 21, 2009 letter, faxed to plaintiff's attorney, "and states you will need to file a response to our motion to stay the discovery and the bifurcation of the trial."**

**Title 28 U.S.C. § 636(b)(1)(A) provides:**

> **(b)(1) Notwithstanding any provision of law to the contrary--**
>
> **(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.**

### **CONCLUSION**

**Upon a *de novo* review of the record, especially in light of plaintiff's objections and statements, the Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case. The determination by the**

**Magistrate Judge of the pretrial motion is not clearly erroneous or contrary to law.**

**Accordingly, the Court hereby ADOPTS the Report and Recommendation of the United States Magistrate Judge (doc. no. 13). Defendant's Motion to Bifurcate and Stay Discovery on Plaintiff's Claims for Bad Faith and Punitive Damages (doc. no. 4) is GRANTED until further Order of the Court. This matter is RECOMMITTED to the United States Magistrate Judge for further proceedings according to law.**

**IT IS SO ORDERED.**

                                              **s/Herman J. Weber**
                                       **Herman J. Weber, Senior Judge**
                                         **United States District Court**